IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. PD-0028/29/30-02






DAVID BRIAN ANDERSON, Appellant


 

v.



THE STATE OF TEXAS







ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW 


FROM THE SECOND COURT OF APPEALS

TARRANT COUNTY




 Hervey, J., filed a concurring opinion in which Johnson and Keasler, JJ.,
joined.


CONCURRING OPINION


 Before accepting a guilty plea in a case like this, a trial court must comply with less than clear
federal constitutional standards (1) and applicable state statutory standards set out in Article 26.13, Tex.
Code Crim. Proc. See Gardner, 164 S.W.3d at 398 (compliance with Article 26.13 and compliance
with Boykin are two separate issues); Aguirre-Mata, 125 S.W.3d at 474-77. Difficulties in following
this procedure may arise for trial courts when the case does not involve a plea-bargain, the defendant
enters an open guilty plea, and, as the Court's opinion points out, not all of the admonishments
contained in Article 26.13 apply to the open plea. Before accepting an open plea in these
circumstances, trial courts must still follow federal constitutional standards and the Article 26.13
standards that apply to the open plea.

 In this case, federal due process, vis-a-vis Boykin, did not require an admonishment regarding
the sex-offender-registration requirement to be "spread on the record" while state statutory law, vis-a-vis Article 26.13(a)(5), required such an admonishment. Therefore, the trial court's failure to
provide this admonishment is nonconstitutional error subject to the Tex.R.App.Proc. 44.2(b) harm
analysis with the state-law inquiry being whether the failure to provide the admonishment affected
the defendant's decision to plead guilty. See Aguirre-Mata, 125 S.W.3d at 476-77. (2) If the record
shows that a defendant was aware of the information contained in the missing admonishment, then
it would be very difficult to conclude that the failure to provide the admonishment affected his
decision to plead guilty. (3)

 In applying the Rule 44.2(b) harm analysis in this case, I would hold that it is dispositive that
the record reflects that, when he pled guilty, appellant knew about the sex-offender-registration
requirement as shown by his reliance on this requirement as part of a strategy to persuade his jury
to recommend probation. (4) See Mitschke v. State, 129 S.W.3d 130, 136 (Tex.Cr.App. 2004)
(defendant not harmed by alleged constitutional error in failing to admonish him that he would have
to register as a sex offender because record showed that he was aware, or should have been aware,
of this requirement); Aguirre-Mata, 125 S.W.3d at 476-77 (defendant not harmed from
nonconstitutional error in failing to admonish him on range of punishment because record contained
references to correct range of punishment and nothing in record showed that defendant was unaware
of correct punishment range); cf. Gardner, 164 S.W.3d at 399 (record affirmatively showed
compliance with federal constitutional standards because record showed that defendant's guilty plea
was part of strategy to persuade jury to grant him probation). Under these circumstances, it would
not be reasonable to conclude that the lack of an admonishment on the sex-offender-registration
requirement affected appellant's decision to plead guilty. The Court's discussion of "the strength
of the evidence of guilt" is unnecessary in this case, although it might be relevant in some future
case.

 With these comments, I concur in the Court's judgment.


 Hervey, J.



Filed: January 18, 2006

Publish






 
1. Federal constitutional standards require "knowing and voluntary" guilty pleas affirmatively
shown on the record, and these standards prohibit guilty pleas that "cannot stand as an intelligent
admission of guilt," or that are induced by "[i]gnorance, incomprehension, coercion, terror,
inducements, subtle or blatant threats," or that are not affirmatively shown on the record to have been
made voluntarily and with an understanding of the nature of the constitutional protections waived
by the guilty plea, the privilege against compelled self-incrimination, the right to trial by jury and
the right to confront one's accusers. See generally Boykin v. Alabama, 395 U.S. 238 (1969); see also
Gardner v. State, 164 S.W.3d 393, 398-99 (Tex.Cr.App. 2005); Aguirre-Mata v. State, 125 S.W.3d
473, 475 (Tex.Cr.App. 2003) (Boykin is silent on specifically what due process requires to be
"spread on the record" affirmatively showing the voluntariness of a guilty plea except to say
generally that state courts should ensure that guilty-pleading defendants have "a full understanding
of what the plea connotes and its consequence").
2. It, therefore, does not violate federal constitutional due process standards for a state not to
provide a defendant with an admonishment regarding a sex-offender-registration requirement even
if such an admonishment would affect the defendant's decision to plead guilty.
3. Case law is ambiguous on whether, in cases like this, the record must affirmatively show that 
a defendant was unaware of the information contained in the missing admonishment. See Aguirre-Mata, 125 S.W.3d at 476-77 (record did not show that defendant was unaware of range of
punishment); Burnett v. State, 88 S.W.3d 633, 641 (Tex.Cr.App. 2002) (record did not show that
defendant was unaware of the punishment range). It is unnecessary to resolve this ambiguity in this
case since the record shows that appellant was aware of the sex-offender-registration requirement.
4. This, according to the Court's opinion, is some evidence that appellant knew of the sex-offender-registration requirement when he pled guilty. This, and not conclusive evidence, as the
Court's opinion seems to suggest, is all that is required to support a finding that appellant knew of
the sex-offender-registration requirement when he pled guilty. We may also presume that appellant's
counsel explained this requirement to appellant before or "at the relevant time." See Gardner, 164
S.W.3d at 399 (trial strategy may make guilty plea seem the desirable course). This case is similar
to our recent decision in Gardner which relied on post-plea developments to decide that the record
affirmatively showed compliance with federal constitutional standards at the time of the plea. See
Gardner, 164 S.W.3d at 398-400.