COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-293-CR

ROBERT LELAND BISHOP APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Robert Leland Bishop entered a negotiated plea of guilty to possession of a controlled substance, methamphetamine, of four grams or more but less than 200 grams. 
 Following the terms of the plea bargain agreement, the trial court assessed Appellant’s punishment at six years’ confinement.  Pursuant to 
Anders v. California
,
(footnote: 2) Appellant’s court-appointed counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  We affirm.

Procedural Background
 

On June 15, 2005, Appellant was indicted for possession of methamphetamine in an amount of 400 grams or more, a first degree felony punishable by confinement for life or a term of not more than 99 years or less than 10 years and a fine not to exceed $100,000. 
 See
 
Tex. Health & Safety Code Ann.
 § 481.115(f) (Vernon 2003)
. 
 Appellant was released on a $15,000 bond; on August 16, 2005 the surety on Appellant’s bond filed an affidavit to surrender Appellant and a warrant was issued for his arrest.  Appellant was located in Oklahoma and extradition proceedings were initiated by the State of Texas.  On September 30, 2005, at the State’s request the court declared the bond insufficient and ordered Appellant held in jail until further order of the court.

On October 14, 2005, the State filed a motion to prosecute the case on a lesser charge, 
possession of a controlled substance, methamphetamine, of four grams or more but less than 200 grams
, a second degree felony punishable by confinement for a term of not more than 20 years or less than 2 years and a fine not to exceed $10,000.
  
See id.
 § 
481.115
(d); 
Tex. Penal Code Ann.
 § 12.33 (Vernon 2003).

Also on October 14, 2005, Appellant signed a Judicial Confession and written plea admonishments, acknowledging that he was entering a plea of guilty to the lesser-included offense of possession of methamphetamine in an amount 
of four grams or more but less than 200 grams.
  The plea agreement included assessment of punishment at six years’ confinement. 
 
At a hearing in open court, the trial judge thoroughly admonished Appellant concerning the consequences of his plea and questioned him regarding whether he was pleading guilty freely and voluntarily.  Appellant acknowledged that before he signed his Judicial Confession and agreed to the plea bargain and pled guilty in open court to the lesser-included offense, he had reviewed the plea bargain offer and the plea papers with his retained attorney.  Appellant stated that he was pleading guilty freely and voluntarily.  Both Appellant and his counsel told the court that Appellant was competent to enter his plea.

The court informed the parties that the hearing would be continued in January; the court further stated that it had approved a personal recognizance bond in anticipation of the guilty plea.  After admonishing Appellant and accepting his plea of guilty and being informed that the State’s recommendation would be six years’ confinement, the trial court recessed the hearing without making a finding on Appellant’s plea of guilty and without making a finding regarding the plea bargain.  The record reflects that the case was reset four times before the final hearing that was held on August 11, 2006.  During that period of time, the court ordered preparation of a presentence investigation report, Appellant’s retained counsel was permitted to withdraw, and Appellant filed an affidavit of indigency and was appointed new counsel.

On August 4, 2006, Appellant’s newly-appointed counsel filed a motion to rescind Appellant’s plea of guilty.  In the motion, Appellant claimed he was “not in his right senses when he originally entered his plea of guilty, and that plea was more the product of his lawyer’s insistence that Defendant accept a deal than Defendant’s free, knowing, and voluntary admission of guilt.”

On August 11, 2006, the court held a hearing on Appellant’s motion.  Appellant testified that he thought he was pleading “no contest” rather than “guilty” when he entered his guilty plea and accepted the State’s plea bargain offer.  Appellant stated that his prior attorney had told him he was signing a plea of no contest and Appellant could not read it because he did not have his glasses.
(footnote: 3)  Appellant acknowledged that at the time he entered his plea he knew he was scheduled to come back to court in 60 days to resume the hearing, and he knew that the State had agreed to reduce the charge against him from a first degree to a second degree felony.  However, he said he had been in an Oklahoma jail for twenty-two days and was having problems with his diabetes and that he had been told that if he did not take the plea agreement, “they would send my wife up.”
(footnote: 4)
 The court reviewed with Appellant the Judicial Confession that he had previously signed, and Appellant admitted that it was his signature. Appellant further admitted that when the court had asked him on October 14, 2005 whether he had reviewed the Judicial Confession with his attorney, Appellant had answered affirmatively.  At the conclusion of the August 11, 2006 hearing, the trial court denied Appellant’s motion to rescind his guilty plea, found Appellant guilty based upon the guilty plea he had previously entered, and assessed Appellant’s punishment at six years’ confinement.  The court’s certification of Appellant’s right of appeal reflects that the court gave permission to Appellant to appeal.  
See
 
Tex. R. App. P.
 25.2(a)(2)(B).

Independent Review Of The Record

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In his motion and brief, counsel avers that in his professional opinion this appeal is wholly frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396, by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal.  
See Mays v. State
, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).  Appellant was provided the opportunity to file a pro se brief but has not filed one.  The State has responded that it has nothing to add to the material submitted by Appellant’s counsel.

In our duties as a reviewing court, we must conduct an independent evaluation of the record to ascertain whether counsel is correct in determining that the appeal is frivolous.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays
, 904 S.W.2d at 923.  Only then may we grant counsel’s motion to withdraw.  
See Penson v. Ohio
, 488 U.S. 75, 83-84, 109 S. Ct. 346, 351 (1988).

Discussion
 

Our review of the record reveals
 that there are no jurisdictional errors.  The indictment conferred jurisdiction on the trial court and provided Appellant with sufficient notice to prepare a defense.  
See
 Tex. Const. 
art. V, § 12; 
Tex. Code Crim. Proc. Ann. 
art. 4.05 (Vernon 
2005); 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

A guilty plea must be freely, knowingly, and voluntarily made.  
Brady v. United States
, 397 U.S. 742, 748, 90 S. Ct. 1463, 1468-69 (1970); 
Mitschke v. State
, 129 S.W.3d 130, 135-36 (Tex. Crim. App. 2004).  In considering the voluntariness of a guilty plea, the court should examine the record as a whole.  
Martinez v. State
, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); 
see also 
 
Tex. Code Crim. Proc. Ann
. art. 26.13 (Vernon 1989 & Supp. 2006).  When the record reflects that a defendant was properly admonished, it presents a prima facie showing that the guilty plea was knowing and voluntary.  
Martinez
, 981 S.W.2d at 197; 
Ribelin v. State
, 1 S.W.3d 882, 884 (Tex. App.—Fort Worth 1999, pet. ref’d).  The burden then shifts to the defendant to demonstrate that his plea was not voluntary.  
Martinez
, 981 S.W.2d at 197; 
Ribelin
, 1 S.W.3d at 884.

Considering the record as a whole, it is apparent that on October 14, 2005, Appellant knowingly and voluntarily pled guilty to the lesser-included offense of possession of a controlled substance, methamphetamine, of four grams or more but less than 200 grams.  After being admonished in writing and by the trial court regarding the consequences of his plea, Appellant insisted on pleading guilty and admitted his guilt in open court.  Nothing in the record would support a claim that Appellant’s plea was involuntary.  
See
 
Martinez
, 981 S.W.2d at 197.

The record also would not support an ineffective assistance of counsel claim because there is no evidence that trial counsel’s performance was deficient.  
See Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999);
 Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

Applying the appropriate standards of review,
(footnote: 5) we hold that the evidence 
adduced at the October 14, 2005 plea hearing, including Appellant’s Judicial Confession, his Consent To Stipulation Of Evidence, and his own testimony, supports a finding that the evidence is legally and factually sufficient to establish that Appellant possessed a controlled substance, methamphetamine, of four grams or more but less than 200 grams.

The trial court assessed Appellant’s punishment at six years’ confinement, which is within the punishment range authorized for conviction of a second degree felony.  
See
 
Tex. Penal Code Ann.
 § 12.33.  Generally, punishment assessed within the statutory limits is not excessive, cruel, or unusual punishment.  
Jordan v. State
, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); 
Dale v. State
, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.).  The trial court’s judgment accurately reflects the offense for which Appellant was convicted and the punishment assessed.

Conclusion

We have carefully reviewed the record before us, including the indictment, the judgment, the reporter’s records from the guilty plea hearing,  the hearing on Appellant’s motion to rescind his guilty plea, and the sentencing hearing, and counsel’s brief.  We agree that the appeal is wholly frivolous and without merit.  We find nothing in the record that might arguably support the appeal.  
See Bledsoe v. State
, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).  Therefore, we grant the motion to withdraw filed by Appellant’s counsel and affirm the trial court’s judgment.

PER CURIAM

PANEL F:  HOLMAN, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 24, 2007

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.
 

2:
386 U.S. 738, 87 S. Ct. 1396 (1967)
.

3:
Appellant’s prior attorney was not called to testify.

4:
Appellant’s brief states that his wife was his co-defendant.

5:
See Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005) (both setting out the legal sufficiency standard of review); 
Watson v. State
, 204 S.W.3d 404, 414-17 (Tex. Crim. App. 2006); 
Drichas v. State
, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005) (both setting out the factual sufficiency standard of review).