Opinion issued May 31, 2007








     










In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01201-CR




GILBERTO CARDOZA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 155th District Court
Waller County, Texas
Trial Court Cause No. 03-10-11570




O P I N I O N
          Appellant, Gilberto Cardoza, pleaded guilty to the aggravated sexual assault
of a child


 without an agreed recommendation on punishment, and the trial court
sentenced him to 50 years’ imprisonment. In his sole issue, appellant argues that his
guilty plea was not knowingly and voluntarily made.
          We affirm.
Facts
          On May 19, 2004, appellant pleaded guilty to the aggravated sexual assault of
a child. The court then invited the State to present its evidence. The record states:
[STATE]:At this time we would present the documents
that have been signed and sworn to.
 
[TRIAL COUNSEL]:No objection.
 
[COURT]:They are admitted. Mr. Cardoza, I have
before me State’s Exhibits [sic] 1 and State’s
Exhibit 2. Both exhibits bear a signature
above the line marked defendant. Is that your
signature?
 
[APPELLANT]:Yes. It’s my signature.
 
[COURT]:And there is also a signature for your
attorney, and I recognize that to be Mr.
Baker’s [appellant’s trial counsel] signature.
 
[APPELLANT]:Yes. That is.
 
[COURT]:I take it that you and your attorney reviewed
those documents?
 
[APPELLANT]:Yes.
 
[COURT]:You had ample time to discuss them with him
and he helped you understand what they
meant, correct?
 
[APPELLANT]:Yes.
 
[COURT]:And do you have a full and complete
understanding of these documents?
 
[APPELLANT]:Yes, sir.
 
[COURT]:And I can therefore take them at face value?
 
[APPELLANT]:Yes.

State’s Exhibit 1 was a document entitled “Felony Admonitions to the Defendant,”
which read, in part:
4. If the Defendant is not a citizen of the United States of America, a
plea of guilty or nolo contenders [sic] for the offense charged may result
in deportation, the exclusion from admission to this country, or the
denial of naturalization under federal law.
 
5. If the Defendant is convicted of or placed on deferred adjudication
for an offense for which a person is subject to sex offender registration,
the defendant will be required to meet the registration requirements of
Chapter 62 of the Code of Criminal Procedure. See attached
supplemental sex offender registration admonition.

Both appellant and his attorney signed this document below a statement reading, “The
Defendant understands the admonitions given above and is aware of the
consequences of his plea.” State’s Exhibit 2 was a document entitled “Waivers of
Constitutional Rights, Stipulations, Judicial Confession, and Agreement,” which
appellant and his attorney also signed. The trial court accepted appellant’s guilty
plea, but withheld a finding on guilt to allow for the preparation of a presentence
investigation report (PSI).
          On August 18, 2004, the trial court found appellant guilty of aggravated sexual
assault of a child and sentenced him to 50 years’ imprisonment.


 On September 8,
2004, appellant filed two pro se motions: (a) a motion for reconsideration or reduction
of sentence that stated, in part, that he “[would] abide by any terms or conditions of
community supervision pursuant to deferred adjudication that the Court may impose,
including . . . sex offender registration pursuant to Art. 62.01 TCCP” and (b) a motion
for new trial stating, “The verdict in this cause is contrary to the law and the
evidence.” That same day, appellant’s trial counsel filed a motion to withdraw as
counsel. On September 17, 2004, the trial court granted trial counsel’s motion to
withdraw and appointed appellate counsel.
Analysis
          In his sole issue, appellant argues that his guilty plea was not knowingly and
voluntarily made because: (1) the trial court failed to admonish him about the sex
offender registration requirement and the potential for deportation and (2) the trial
court failed to ask appellant’s trial counsel if he had discussed the sex offender
registration requirement with appellant.
          Failure to Admonish
          Appellant first argues that the trial court failed to properly admonish him about
the sex offender registration requirement and the potential for deportation.
          Article 26.13 of the Texas Code of Criminal Procedure requires that, before
accepting a guilty plea, the trial court must admonish a defendant of (1) the range of
punishment; (2) the fact that the State’s punishment recommendation is not binding
on the trial court; (3) the limited right to appeal; (4) the possibility of deportation if
the defendant is not a United States citizen; and, if applicable, (5) the fact that he may
be required to comply with Chapter 62 registration requirements. Tex. Code Crim.
Proc. Ann. art. 26.13(a) (Vernon Supp. 2006). 
          Here, the trial court admonished appellant in writing


 that he would be required
to register as a sex offender and that his conviction might result in deportation. 
Admonition number five clearly states that if convicted of an offense for which
registration as a sex offender is required, appellant would be “required to meet the
registration requirements of Chapter 62 of the Code of Criminal Procedure”;
admonition number four clearly states that if appellant is not a citizen of the United
States, his guilty plea “may result in deportation, the exclusion from admission to this
country, or the denial of naturalization under federal law”; and both appellant and his
attorney signed the document that included the registration and deportation
admonitions immediately below a statement reading that “[t]he Defendant
understands the admonitions given above and is aware of the consequences of his
plea.” Moreover, the trial court ascertained that appellant and his attorney had
reviewed the written admonitions;


 that appellant had had ample time to discuss them
with his attorney; that appellant’s attorney had helped him understand the
admonitions; and that appellant did, in fact, have “a full and complete understanding
of [the admonitions].” As appellant points out, however, admonition number five
refers to an “attached supplemental sex offender registration admonition,” which is
not in the record and which appellant contends he never received. 
          Regardless of whether appellant received the supplemental admonition, the trial
court properly admonished appellant about the sex offender registration requirement. 
Article 26.13(a)(5) requires only that a defendant be informed that he “will be
required to meet the registration requirements of Chapter 62, if the defendant is
convicted of or placed on deferred adjudication for an offense for which a person is
subject to registration under that chapter.” Tex. Code Crim. Proc. Ann. art.
26.13(a)(5). It does not require that a defendant be admonished regarding the specific
details or effects of registration. Carter v. State, 82 S.W.3d 392, 395 (Tex.
App.—Austin 2002, no pet.); see Mitschke v. State, 129 S.W.3d 130, 136 (Tex. Crim.
App. 2004) (“A trial court is not required to admonish a defendant about every
possible consequence of his plea, direct or collateral, only about those direct
consequences that are punitive in nature or specifically enunciated by the law.”).
          Appellant also points out that the trial court made no oral admonitions, but
relied solely on the written admonitions. Under the Code of Criminal Procedure,
however, the trial court may admonish the defendant as required by article 26.13
either orally or in writing. Tex. Code. Crim. Proc. Ann. art. 26.13(d) (Vernon
Supp. 2006). If the admonitions are made in writing, the trial court must receive a
statement signed by the defendant and his attorney that the defendant understands the
admonitions and is aware of the consequences of his plea. Id. Only if the defendant
is unable or refuses to sign the statement must the court orally admonish the
defendant. Id. Here, appellant and his attorney signed the document entitled “Felony
Admonitions to the Defendant” including the registration and deportation
admonitions, which affirmed that appellant understood the admonitions and was
aware of the consequences of his plea. Thus, the trial court was not required to
admonish appellant orally. See id. 
          Failure to Question Trial Counsel
          Appellant also argues that the trial court failed to ask appellant’s trial counsel
whether he had discussed the sex offender registration requirement with appellant.
          Although it has since been changed by the legislature, at the time of appellant’s
guilty plea, article 26.13(h) required the trial court to ascertain, before accepting a
guilty plea from a defendant who would be required to register as a sex offender,
whether defense counsel had advised the defendant of the registration requirements
under Chapter 62. Act of June 19, 1999, 76th Leg., R.S., ch. 1415, § 1, 1999 Tex.
Gen. Laws 4831, 4832. The record shows that the trial court did not specifically ask
trial counsel at appellant’s plea hearing whether he had discussed the sex offender
registration requirements with appellant. However, former article 26.13(h),


 the
article in effect at the time of appellant’s guilty plea, did not require that the trial
court specifically ask trial counsel whether he had discussed these requirements with
the defendant; it only required that the trial court “ascertain whether the attorney
representing the defendant [had] advised the defendant regarding registration
requirements under Chapter 62.” See Act of June 19, 1999, 76th Leg., R.S., ch. 1415,
§ 1, 1999 Tex. Gen. Laws 4831, 4832. Here, the trial court ascertained that appellant
and his attorney had reviewed the written admonitions, which included the sex
offender registration admonition; that appellant had had ample time to discuss them
with his attorney; that appellant’s attorney had helped him understand the
admonitions; and that appellant did, in fact, have “a full and complete understanding
of [the admonitions].” Moreover, appellant and his attorney signed the document
with the registration admonition immediately below a statement affirming that
appellant understood the admonitions given and was aware of the consequences of
his plea. Based on this evidence, we conclude that the trial court ascertained that
appellant’s trial counsel had advised appellant regarding the Chapter 62 registration
requirements as required by former article 26.13(h). See Act of June 19, 1999, 76th
Leg., R.S., ch. 1415, § 1, 1999 Tex. Gen. Laws 4831, 4832. 
          We overrule appellant’s sole issue.
Conclusion
          We affirm the judgment of the trial court. 
 

                                                                        Evelyn V. Keyes
                                                                        Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Higley.
Publish. Tex. R. App. P. 47.2(b).