IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-68,056-01






EX PARTE WILLIAM L. RAINEY, Applicant









ON APPLICATION FOR A WRIT OF HABEAS CORPUS 

CAUSE NUMBERS 20783A IN THE 91ST JUDICIAL

DISTRICT COURT FROM EASTLAND COUNTY 





 Per curiam.



O R D E R


 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. 
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
indecency with a child and was sentenced to seven (7) years' confinement. No direct
appeal was taken. 

 After a review of the record, we find that Applicant's involuntary plea claim is without
merit and, thus, deny relief. Mitschke v. State, 129 S.W.3d 130, 136 (Tex. Crim. App. 2004). 
Applicant's no evidence/insufficient evidence claim is denied. See, e.g., Dinnery v. State,
592 S.W.2d 343 (Tex. Crim. App. 1980). Applicant's Brady violation claim is denied. See,
e.g., Little v. State, 991 S.W.2d 864 (Tex. Crim. App. 1999). Applicant's pre-sentence jail
time credit claim is dismissed. Ex parte Ybarra, 149 S.W.3d 147 (Tex. Crim. App. 2004).
Where an inmate seeks pre-sentence jail time credit, "[t]he appropriate remedy in this
situation is to require Applicant to present the issue to the trial court by way of a nunc pro
tunc motion, . . . [and] [i]f the trial court fails to respond, Applicant is first required to seek
relief in the Court of Appeals, by way of a petition for a writ of mandamus, unless there is
a compelling reason not to do so." Id. at 148-149. 



DELIVERED: September 26, 2007

DO NOT PUBLISH