IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1401-06




 


DAVID JOHN BESSEY, Appellant





v.



 THE STATE OF TEXAS 





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

FROM THE SIXTH COURT OF APPEALS

UPSHUR COUNTY




 Meyers, J., delivered the opinion of the Court, in which Keller, P.J., and
Price, Keasler, Hervey, Holcomb, and Cochran, JJ., joined. Johnson, J., filed
a concurring and dissenting opinion, in which Womack, J., joined.


O P I N I O N 


 The issue in this case is whether an appellant may raise the issue of improper
admonishments regarding a plea of guilty without having made an objection or raising the
issue at trial. Appellant was charged by indictment with three counts of sexual assault
and one count of injury to a child. (1) Appellant initially pled not guilty, but changed his
plea to guilty after the jury had been sworn. The trial court admonished Appellant
regarding the punishment range for the offenses and the effects a guilty plea might have
on a non-citizen, but failed to fully admonish him regarding the consequences of his
guilty plea. The jury found Appellant guilty on all counts, and Appellant appealed. The
court of appeals affirmed the conviction, holding that the trial court's incomplete
admonishment could not be raised for the first time on appeal. Bessey v. State, 199
S.W.3d 546, 552 (Tex. App.- Texarkana 2006). We granted review to clarify this area of
the law. We affirm the decision, but not the reasoning of the court of appeals.

FACTS

 Appellant was charged with three counts of aggravated sexual assault of a child, a
first-degree felony, and one count of injury to a child, a second-degree felony. Prior to
accepting Appellant's pleas, the trial court admonished Appellant as to the range of
punishment for his charges and the effects a guilty plea might have on a non-citizen. 
Appellant chose to remain silent during the arraignment proceedings, so the trial court
entered not guilty pleas on Appellant's behalf. After the jury was sworn and empaneled,
Appellant changed his plea to guilty for each of the counts. The trial court accepted
Appellant's pleas, and the issue of punishment was submitted to the jury. The jury found
appellant guilty on all counts and sentenced him to imprisonment for life and a $10,000
fine for each count of sexual assault and to twenty years' imprisonment and a $10,000
fine for the count of injury to a child. The trial judge ordered that the sentences be served
consecutively.

 Appellant raised several points of error on appeal, including that the trial court
failed to properly admonish him regarding the consequences of his plea, specifically the
sex-offender registration requirement. The court of appeals acknowledged that the trial
court had failed to fully comply with the requirements of Texas Code of Criminal
Procedure Article 26.13, (2) but held that such error must be preserved in the trial court by
raising an objection or in a motion for new trial. The court of appeals overruled the point
of error and affirmed the conviction, holding that Appellant had not preserved the issue
for appellate review. Bessey, 199 S.W.3d at 552. Appellant filed a petition for
discretionary review. We granted review to determine whether an appellant may raise the
issue of improper admonishments regarding a plea of guilty for the first time on appeal,
without objecting or raising the issue at trial.

ANALYSIS

 The court of appeals noted the trial court's error in failing to properly admonish
Appellant, but held that failure to comply with Article 26.13 may not be raised for the
first time on appeal. Article 26.13 requires that, prior to accepting a plea of guilty or nolo
contendere, the court shall admonish the defendant of five things: (1) the range of
punishment attached to the offense, (2) certain aspects of the law on plea-bargain
agreements, (3) the effect that a plea-bargain agreement may have on the right of appeal,
(4) the effect that a conviction might have on a non-citizen, and (5) the fact that a
defendant will have to register as a sex offender if convicted of, or placed on deferred
adjudication for, any of the sexual offenses listed in Chapter 62 of the Code of Criminal
Procedure. 

 Appellant asserts that a defendant need not object at trial to preserve
admonishment error. The State responds that the court of appeals correctly held that
Appellant did not preserve the issue for appeal. The State further argues that the duty to
register as a sex offender is a collateral consequence of Appellant's guilty pleas, and the
trial court's failure did not render his pleas involuntary. (3) Finally, the State argues that any
error was harmless. 

PRESERVATION OF ERROR

 Errors may be raised for the first time on appeal if the complaint is that the trial
court disregarded an absolute or systemic requirement or that the appellant was denied a
waivable-only right that he did not waive. Mendez v. State, 138 S.W.3d 334, 342 (Tex.
Crim. App. 2004), Marin v. State, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993). A
defendant's right to be properly admonished is a waivable-only right. This is because the
court has a statutory duty to properly admonish defendants as described by Article 26.13. 
"A law that puts a duty on the trial court to act sua sponte, creates a right that is waivable
only. It cannot be a law that is forfeited by a party's inaction." Mendez, 138 S.W.3d at
343. Thus, a court's failure to properly admonish a defendant cannot be forfeited and 
may be raised for the first time on appeal unless it is expressly waived. 

 The court of appeals based its holding on a failure to admonish case decided by the
Texarkana Court of Appeals, Rhea v. State. 181 S.W.3d 478, 484 (Tex.
App.--Texarkana 2005, pet. ref'd). In Rhea, the appellant appealed his conviction for
sexual assault, contending that the trial court had committed reversible error by failing to
admonish him as required by 26.13 and specifically by failing to admonish him regarding
the sex-offender registration requirement. Id. at 483. The Rhea court held that
complaints about failure to admonish must be preserved in accordance with Texas Rule of
Appellate Procedure 33.1. However, as we explained above, a defendant's right to be
properly admonished need not be raised at trial to be preserved. "[W]e think it far more
consistent with the overall structure of our adversary system that litigants not be required
by Rule [33.1(a)] (4) to do more for the preservation of their complaints on appeal than they
must do at trial to secure benefits of the law to which they are entitled." Marin, 851
S.W.2d at 278; see also Mendez, 138 S.W.3d at 343 (quoting this passage from Marin). 
The defendant need make no request at trial for the implementation of his right to proper
admonition. Thus, he need not act at trial to preserve his complaint of a failure to
admonish. Appellant is entitled to assert his claim on appeal regarding the trial court's
failure to properly admonish him, despite not having made the claim in the trial court. 

HARMLESS ERROR

 A trial court's failure to properly admonish a defendant is subject to the harm 
analysis of Rule of Appellate Procedure 44.2(b): "Any other [than constitutional] error,
defect, irregularity, or variance that does not affect substantial rights must be
disregarded." (5) In applying Rule 44.2(b) to the failure to give an admonition, the court
considers the record as a whole to determine whether, in this particular case, the error
affected substantial rights. Anderson v. State, 182 S.W.3d 914, 918 (Tex. Crim. App.
2006). If it did, it is not harmless error. In Anderson, we considered the strength of the
evidence of guilt; whether the record indicates that the appellant was aware of the
requirement; and whether the omitted admonition actually applied to the appellant's
situation. Id. at 919-921.

 In the case before us, the State presented substantial evidence of guilt. The victim
testified as to the events, and the State introduced a video of Appellant engaging in the
charged acts. The State also presented 404(b) evidence regarding other children who had
allegedly been abused by Appellant. Those children testified, and the State produced
video evidence of Appellant engaging in sexual conduct with those children. The defense
presented no evidence that Appellant was not guilty, but tried to mitigate the damaging
effect of the evidence. The defense counsel said in his opening statements at punishment
that the evidence would show that Appellant was guilty, but that he hoped the jury would
take into account the possibility of rehabilitation. Although there was significant
evidence of guilt, that alone does not support a finding that Appellant's decision to plead
guilty would not have changed if he had been properly admonished. 

 We also searched the record for any indication that Appellant was aware of the
requirement, despite the trial court's failure to properly admonish him. If an appellant
was already aware of the registration requirement, the effect of the court's error on his
decision to plead guilty would be much less. However, here there is no indication in the
record that Appellant was aware of the registration requirement. And, as we stated in
Burnett v. State, 88 S.W.3d 633, 638 (Tex. Crim. App. 2002), a silent record supports the
inference that the appellant did not know the consequences of his plea. Although there is
nothing to suggest that Appellant knew about the registration requirement, he has not
claimed at any point in his appeal that his guilty plea was involuntary due to the court's
failure to admonish him that he would be required to register as a sex offender. 

 Finally, we looked at the record to determine whether the omitted admonition
actually applied to Appellant's situation. In some failure to admonish cases, the omitted
admonition does not affect the appellant. For example, when a court has failed to
admonish a defendant on the immigration consequences of a conviction, we have held
that the error was harmless where the record showed that the appellant was a U.S. citizen
because that particular admonition does not apply to that appellant. Anderson, 182
S.W.3d at 919. In this case, the omitted admonition regarding the sex-offender
registration requirement does apply to Appellant in that he was charged with a an offense
for which a person is subject to registration. However, based on the cumulation of the
sentences in this case, the omitted admonition regarding the sex-offender registration
requirement does not apply to or affect Appellant. Because the jury sentenced Appellant
to the maximum sentence for each offense and the judge ordered that the sentences be
served consecutively, Appellant will not even be eligible for parole until he has served
100 years of his sentence. As a result, it appears that Appellant may never be released
from prison and thus would not be subject to the sex-offender registration requirement as
mandated by Article 26.13(a)(5). Therefore, Appellant was not harmed by the trial
court's failure to inform him of the registration requirement. 

 Considering the record as a whole, we have fair assurance that no substantial right 
was affected by the trial court's error in failing to admonish Appellant regarding the sex-offender registration requirement. By the standard of Rule of Appellate Procedure
44.2(b), the error was harmless. (6)

CONCLUSION

 On appeal, an appellant may raise the issue of improper admonishments regarding
a plea of guilty without having made an objection or raising the issue at trial. However,
such an error is subject to a harm analysis. After considering the record, we determine
that no substantial right was affected by the trial court's error in failing to admonish this
Appellant. By the standard of Rule of Appellate Procedure 44.2(b), the error was
harmless. The judgment, but not the reasoning, of the court of appeals is affirmed.


 Meyers, J.


Delivered: November 14, 2007

Publish
1. The indictment contained ten counts, six of which were abandoned by the State.
2. Subsequent references to "Article" or "Articles" refer to the Texas Code of Criminal
Procedure.
3. We have previously addressed both of these arguments. Sex-offender registration is not
a collateral consequence of a defendant's guilty plea, rather it is a direct, non-punitive
consequence. Anderson v. State, 182 S.W.3d 914, 918 (Tex. Crim. App. 2006). Additionally,
failure to admonish an appellant as to the sex offender registration requirement does not render
his plea involuntary. Id. (citing Mitschke v. State, 129 S.W.3d 130, 136 (Tex. Crim. App. 2004)). 
4. Marin discussed the predecessor to Rule 33.1(a), Rule 52(a). Rule 52(a) was rewritten
and renumbered as 33.1(a) in 1997, but its requirements did not change in any way that is
material to this case. See Mendez, 138 S.W.3d at 343.
5. As the dissent correctly points out, our custom normally is to remand the case to the
court of appeals for a harm analysis. However, because of the unique circumstances of the type
of admonishment error, and the manner in which Appellant has brought the appeal, we feel that
judicial economy directs us to proceed to perform our own harm analysis. See McDonald v.
State, 179 S.W.3d 571 (Tex. Crim. App. 2005). 
6. Effective September 2005, the 79th Legislature amended Article 26.13(h) which now
states,"[t]he court must substantially comply with Subsection (a)(5). The failure of the court to
comply with Subsection (a)(5) is not a ground for the defendant to set aside the conviction,
sentence, or plea." The legislature noted that the change in law applies only to pleas entered on
or after the effective date of the Act, September 1, 2005. See Section 4.03 of Acts 2005, 79th
Leg., ch 1008. Appellant's appeal is governed by the old statute, which stated that "[b]efore
accepting a plea of guilty or nolo contendere from a defendant described by Subsection (a)(5), the
court shall ascertain whether the attorney representing the defendant has advised the defendant
regarding registration requirements under Chapter 62." We do not address the proper harm 
analysis under the current 26.13(h) for a failure to admonish regarding sex-offender registration.