

# NUMBER 13-17-00375-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI − EDINBURG

---

**GERALD JAMES HON,**                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                       **Appellee.**

---

### On appeal from the 221st District Court
### of Montgomery County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Longoria
### Memorandum Opinion by Chief Justice Valdez

Appellant Gerald James Hon appeals from his conviction of driving while intoxicated ("DWI"), a third-degree felony, with a deadly-weapon finding. *See* TEX. PENAL CODE ANN. §§ 12.34, 49.04, 49.09(b)(2) (West, Westlaw through 2017 1st C.S.). By one

issue, appellant contends that reversal is warranted because the trial court failed to properly admonish him regarding the consequences of pleading guilty. We affirm.[1]

## I. BACKGROUND

The State charged appellant with DWI alleging that he used or exhibited a deadly weapon. The case was set for trial. Prior to voir dire, after appellant's trial counsel stipulated that appellant had two prior convictions of DWI, in appellant's presence, the trial court stated, "So the range is two to ten." While instructing the jury panel prior to voir dire, the trial court said the range of punishment for the offense "is probation all the way up to ten years." During voir dire, the State prosecutor stated that the range of punishment for the offense was from probation to ten years.

After voir dire, the trial court held a hearing on appellant's motion to suppress, which the trial court denied. After hearing the trial court's ruling on appellant's motion to suppress, appellant's trial counsel informed the trial court that appellant would be pleading guilty to the offense in front of the jury, which would then assess punishment. Appellant pleaded guilty, and the trial court proceeded to the punishment phase of the trial. The trial court asked appellant to approach the bench, and appellant's trial counsel asked, "What about the punishment charge?" The prosecutor then asked, "He is two to ten, correct," and appellant's trial counsel replied, "Correct." Appellant's trial counsel acknowledged that appellant is eligible for probation. The trial court explained to appellant that the "Stipulation of Evidence" had been signed. The trial court asked appellant to plead to the deadly weapon finding on the record, and appellant pleaded

---

[1] This case is before the Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.).

"True." The trial court again mentioned that the range of punishment was probation to ten years' confinement. The trial court set the trial for the following day. The punishment phase of the trial continued the next day. After both sides closed, the trial court held a hearing outside the presence of the jury regarding the jury charge. Appellant's trial counsel acknowledged that she had reviewed the jury charge, and the prosecutor said that the defense had requested additional language that had been added. The trial court printed a copy of the corrected jury charge and asked, "Any objection from the Defense," to which appellant's trial counsel requested that a typographical error be corrected. The trial court complied. The jury entered the courtroom, and the trial court read the charge to the jury. Appellant did not object. The charge instructed the jury that:

> the punishment range for [DWI]—3rd or More is confinement in the Texas Department of Criminal Justice, Institutional Division for any term of years not less than two (2) nor more than ten (10). . . . Therefore, you will assess the punishment for [appellant] at any term of years not less than two (2) nor more than ten (10) and, in your discretion, no fine whatsoever or a fine in any amount not over $10,000.00.[2]

The State made its closing argument during which the prosecutor stated that the jury's decision regarding punishment would be between two and ten years in prison with a discretionary fine. *See* TEX. PENAL CODE ANN. §§ 12.34 (establishing that the punishment range for a third-degree felony is two to ten years' confinement), 49.09 (providing that a third DWI constitutes a third-degree felony). After the jury deliberated, the trial court read the jury's verdict sentencing appellant to eight years' confinement with a fine of zero dollars. Appellant did not object. This appeal followed.

---

[2] The jury charge also includes an instruction regarding community supervision explaining that "[t]he judge may suspend the sentence and place the defendant on community supervision if the jury recommends it in their verdict."

3

## II.    STANDARD OF REVIEW AND APPLICABLE LAW

Before accepting a guilty plea, pursuant to article 26.13(a)(1), the trial court must, among other things, admonish the defendant of (1) "the range of punishment attached to the offense" and the fact that a guilty plea may result in deportation if the defendant is not a United States citizen.  TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1).[3]

The trial court's failure "to admonish a defendant on the direct consequences of his guilty plea is statutory rather than constitutional error."  *Burnett v. State*, 88 S.W.3d 633, 637 (Tex. Crim. App. 2002); *Aguirre–Mata v. State*, 992 S.W.2d 495, 499 (Tex. Crim. App. 1999).  We should not reverse a conviction for non-constitutional error unless, after examining the record as a whole, we conclude that the error may have had a substantial influence on the outcome of the proceeding.  *Burnett*, 88 S.W.3d at 637.  If the record shows that the appellant was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court, reversal may be warranted.  *Id.* at 638.  Therefore, we must "independently examine the record for indications that a

---

[3] Article 26.13(a) also requires for the trial court to admonish the defendant on the following:  (1) "the fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court": (2) the fact that the defendant must receive the trial court's permission to appeal "any matter in the case except for those matters raised by written motion filed prior to trial" if the trial court assesses a punishment that "does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and the defendant's attorney"; (3) the fact that a defendant convicted or placed on deferred adjudication for an offense subject to registration under Chapter 62 will be required to register under those requirements; and (4) the fact that a trial court may release a defendant from the penalties and disabilities resulting from the offense as provided by article 42A.701(f) if the defendant satisfactorily completes the conditions of community supervision.  TEX. CODE CRIM. PROC. ANN. art. 26.13(a).  These provisions do not apply to appellant, and appellant does not contend that those portions of article 26.13(a) that do not apply caused him harm, and he has not provided any authority, and we find none, supporting a conclusion that those inapplicable portions could have harmed him.  *See* TEX. R. APP. P. 38.1(i).  In addition, in *Mitschke v. State*, the Texas Court of Criminal Appeals explained that a defendant must be aware of the direct *punitive* consequences of pleading guilty.  129 S.W.3d 130, 135 (Tex. Crim. App. 2004).  Appellant does not argue that these inapplicable portions of article 26.13(a) are punitive, and we conclude that they are not punitive.

4

defendant was or was not aware of the consequences of his plea and whether he was misled or harmed by the trial court's failure to admonish him. . . ." *Id.* We may reverse only if the record supports "an inference that appellant *did not know* the consequences of his plea." *Id.* (emphasis in original). A silent record will support an inference that the appellant did not know the consequences of his plea. *Id.* However, we must also "consider record facts from which one would reasonably infer that a defendant did know the consequences of his plea. . . ." *Id.* "If, after a conscientious examination of the record, the reviewing court is left with 'grave doubt' on the matter, the error is not harmless." *Id.* at 639. If we "have a fair assurance that the defendant's decision to plead guilty would not have changed had the court admonished him," we may conclude that the error was harmless. *VanNortrick v. State*, 227 S.W.3d 706, 708–09 (Tex. Crim. App. 2007).

### III. DISCUSSION

In his sole issue, appellant generally contends that he was harmed by the trial court's failure to admonish him pursuant to article 26.13(a). *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a). Appellant, however, has not explained specifically which of the required admonishments of article 26.13(a) harmed him, accordingly, we will only address those admonishments that apply. *See* TEX. R. APP. P. 47.3.

Because the trial court failed to admonish appellant pursuant to article 26.13(a), we must examine the record to determine if appellant was aware of the direct consequences of his guilty plea. *See Burnett*, 88 S.W.3d at 638. The question is whether the record supports an inference that appellant was nevertheless aware of the punishment range and, as a result, was not harmed by the failure to admonish. *See id.*

5

The facts of this case are similar to those in *Burnett v. State*, wherein the Texas Court of Criminal Appeals held that the failure to admonish the defendant on the range of punishment was harmless. The court noted, among other things, the following: (1) the record showed that the punishment range had been discussed during voir dire; (2) the trial court mentioned the range of punishment to the jury panel; (3) the record reflected that the defendant was present but he did not object or attempt to withdraw his plea at any point during voir dire; (4) the State argued during closing for the maximum sentence, (5) "[t]he jury charge, which detailed the range of punishment, was read aloud in open court"; (6) the defendant's trial counsel did not object to the jury charge; (7) "[t]here was no on-the-record reaction or protest from appellant when the charge was read, when the jury returned its verdict on punishment, or at appellant's sentencing"; and (8) the defense counsel did not "attempt to develop a record to support a motion for new trial on the grounds that the plea was not knowing and voluntary."[4] *Id.* at 639–41.

Here, as previously set out, the trial court stated in appellant's presence once prior to his guilty plea, and again after appellant pleaded guilty that the range of punishment was two to ten years' confinement. Appellant did not object or show surprise when the trial court made these statements. In addition, during voir dire, the trial court and the prosecutor both told the jury panel, in the appellant's presence, that the range of punishment included probation to ten years' confinement. Later, during a discussion about the jury charge, wherein the trial court asked appellant to approach the bench,

---

[4] The Texas Court of Criminal Appeals noted that the lower court's reversal due to the trial court's failure to admonish the defendant on the range of punishment was not premised on the proper inquiry because it emphasized the fact that the defendant had not testified or signed anything indicating that he was aware of the range of punishment. *Burnett v. State*, 88 S.W.3d 633, 641 (Tex. Crim. App. 2002). The court agreed that an express acknowledgement would be helpful, but explained that "the lack of such evidence does not necessarily show that appellant was unaware of the consequences of his plea." *Id.*

6

appellant's trial counsel agreed that the punishment range was two to ten years' confinement. Appellant did not object or show surprise. After asking appellant to enter his plea to the deadly weapon finding, the trial court again mentioned the punishment range to appellant, who did not object or show surprise. In addition, the jury charge, which the trial court read in open court in appellant's presence, stated that the range of punishment for DWI in this case "is confinement . . . for any term of years not less than two (2) nor more than ten (10). . . ." Appellant's trial counsel acknowledged reviewing the charge, and appellant did not object to it on any basis. Finally, although appellant filed a motion for new trial, he did not complain that his plea was involuntary or that he was unaware of the consequences of his plea.

As the *Burnett* court stated, "[t]here is nothing the record to show that appellant was unaware of the range of punishment. Instead, the record is replete with instances in which the parties refer to the potential severity of the sentence that the jury could assess." *See Burnett*, 88 S.W.3d at 641. Accordingly, the trial court's failure to admonish appellant regarding the range of punishment was harmless. *See id.*

Next, we will analyze whether appellant was harmed by the trial court's failure to admonish him regarding immigration consequences of pleading guilty. It is well-established "that when the record shows a defendant to be a United States citizen, the trial court's failure to admonish him on the immigration consequences of his guilty plea is harmless error." *VanNortrick*, 227 S.W.3d at 709. Here the record reflects that appellant is a United States citizen; thus, he would not be subject to deportation.[5] Consequently,

---

[5] Appellant's sister testified that appellant was born in Iowa.

the trial court's error in failing to give the deportation and immigration admonishment prior to appellant's guilty plea was harmless.  *See id.*  We overrule appellant's sole issue.

## IV.    CONCLUSION

We affirm the trial court's judgment.


**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice


Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed this
17th day of May, 2018.