COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



TRACEY ANN PLUMLEE,


 Appellant,


v.



THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-06-00289-CR
 


Appeal from the


County Court at Law No. 1


of Collin County, Texas 


(TC# 001-82306-06) 



O P I N I O N


 Tracey Plumlee pled guilty to the offense of driving while intoxicated. She was
sentenced to 120 days confinement in the Collin County jail, and fined $900. The sentence was
suspended, and she was given 16 months of community supervision. In three issues, she
challenges the trial court's denial of her motion to suppress.

 On April 8, 2006, Officer Marcos Rodriguez was traveling westbound on FM 544 in
Wiley, Texas, when he saw Appellant's car approaching in the oncoming lane. The speed limit
in the area was forty-five miles-per-hour. Appellant was traveling at fifty-seven miles-per-hour
as she passed Officer Rodriguez. Officer Rodriguez intiated a traffic stop, and the two vehicles
stopped in a retail store parking lot.

 Appellant told the officer that she had three to four beers earlier in the evening. Officer
Rodriguez also noticed the odor of alcohol on Appellant's breath. Based on those facts, the
officer initiated field sobriety testing and then arrested her for driving while intoxicated. Officer
Rodriguez did not read Appellant her Miranda rights, nor did he inform her of her right to refuse
prior to initiating the sobriety tests. Appellant filed a "Motion to Suppress Compelled
Statements and Evidence of the Defendant at the Scene of Arrest" arguing that her sobriety test
results were inadmissible because she was not advised of her Miranda rights and her right to
refuse to perform the sobriety tests. The trial court denied the motion. Following the denial,
Appellant entered a guilty plea to the offense of driving while intoxicated as charged in the
information.

 A trial court's ruling on a motion to suppress is reviewed using a bifurcated standard. See
Guzman v. State, 955 S.W.2d 85, 87-91 (Tex.Crim.App. 1997); Newbrough v. State, 225 S.W.3d 
863, 866 (Tex.App.--El Paso 2007, no pet.). While we review questions of law de novo, the trial
judge's determination on historical facts is given almost total deference. Maxwell v. State, 73 
S.W.3d 278, 281 (Tex.Crim.App.), cert. denied, 537 U.S. 1051, 123 S.Ct. 603, 154 L.Ed.2d 527
(2002). In cases such as this one, where we do not have the benefit of the trial court's findings of
fact, we will view the evidence in the light most favorable to the trial court's ruling. See State v.
Ross, 32 S.W.3d 853, 855 (Tex.Crim.App. 2000).

 Appellant presents three theories of inadmissibility for our review. (1) In Issue One,
Appellant argues the officer's administration of field sobriety tests without prior warnings
violated her right to due process and equal protection. In Issue Two, Appellant contends her test
results were the result of an illegal search and seizure in violation of the Fourth Amendment. In
Issue Three, Appellant asserts the sobriety testing constituted compulsory self-incrimination, in
violation of the Fifth Amendment. Our resolution of each point depends, at the outset, on
whether Appellant was the subject of a full custodial arrest at the time of the sobriety tests, or
only of an investigative detention. See e.g., Griffith v. State, 55 S.W.3d 598, 603
(Tex.Crim.App. 2001)(Miranda protections for purposes of the Fifth Amendment require subject
to be in custody and subject to police interrogation); Hernandez v. State, 107 S.W.23d 41, 47-8 
(Tex.App.--San Antonio 2003, pet. ref'd)(denial of Appellant's motion to suppress was not error
as Appellant's statement that he had consumed nine beers was made during investigatory
detention, prior to full custodial arrest); Lewis v. State, 72 S.W.3d 704, 712-13 (Tex.App.--Fort
Worth 2002, pet. ref'd)(admission that he had consumed five beers was admissible as Appellant
was not "in custody" for Miranda purposes during roadside investigation of traffic collision);
Abernathy v. State, 963 S.W.2d 822, 824-25 (Tex.App.--San Antonio 1998, pet. ref'd)(denial of
motion to suppress extrajudicial statement as Appellant was not under custodial arrest at the time
statement was made). Based on the record produced at the suppression hearing, we conclude that
Appellant was in not custody before Officer Rodriguez began the testing.

 In Issue Two, Appellant asserts that the field sobriety tests initiated by Officer Rodriguez
constituted an unreasonable search in violation of the Fourth and Fourteenth Amendments. 
Specifically, she argues that absent an applicable exception, evidence of field sobriety testing
performed without a warrant, must be suppressed. We must disagree.

 Generally, the decision to stop an automobile is reasonable, and therefore not an illegal
search and seizure, where the police have probable cause to believe that a traffic violation has
occurred. See Whren v. United States, 517 U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 
(1996); Walter v. State, 28 S.W.3d 538, 543 (Tex.Crim.App. 2000). Once a valid traffic stop is
made, officers are entitled to take certain actions to ensure their own safety and to verify that the
driver is properly licensed and is not the subject of an outstanding warrant. See Davis v. State, 
947 S.W.2d 240, 245 (Tex.Crim.App. 1997); Goodwin v. State, 799 S.W.2d 719, 727 
(Tex.Crim.App. 1990). To accomplish these goals, the officer is permitted to question the driver
regarding ownership of the vehicle, the driver's destination, and the purpose of the trip. See
Powell v. State, 5 S.W.3d 369, 377 (Tex.App.--Texarkana 1999, pet. ref'd). If during the course
of his contact with the defendant, the officer develops a reasonable suspicion that criminal 
activity is occurring, a continued detention is justified for further investigation. Zervos v. State, 
15 S.W.3d 146, 151 (Tex.App.--Texarkana 2000, pet. ref'd). An officer may rely on all the facts
ascertained in the course of his contact with the defendant to develop articulable facts that would
justify a continued detention. Sims v. State, 98 S.W.3d 292, 295 (Tex.App.--Houston [1st Dist.]
2003, pet. ref'd).

 On the other hand, determining whether an individual was in custody requires
determining whether there was a formal arrest or restraint on the individual's freedom of
movement to the degree associated with formal arrest. Stansbury v. California, 511 U.S. 318, 
322, 114 S.Ct. 1526, 1528-29, 128 L.Ed.2d 293 (1994)(per curiam). This determination is based,
not on the subjective beliefs of the investigating officer or the individual, but on the objective
circumstances. Id. at 323, 114 S.Ct. at 1529. As such, the determination depends on the facts of
each case. See Lewis, 72 S.W.3d at 707. Ultimately, custody is established if the manifestation
of probable cause, when combined with other circumstances, would lead a reasonable person to
believe that she is under restraint to the degree associated with arrest. Lewis, 72 S.W.3d at 707.

 Using this standard, and under facts remarkably similar to the present case, the United
States Supreme Court determined that a roadside investigation pursuant to a routine traffic stop
did not constitute formal custody. See Berkemer v. McCarty, 468 U.S. 420, 438-39, 104 S.Ct. 
3138, 3149-50, 82 L.Ed.2d 317 (1984). In Berkemer, a Ohio police officer witnessed a car
weaving in and out of a lane on an interstate highway and initiated a traffic stop. Id. at 423, 104
S.Ct. at 3141. When the driver stepped out of the car, the officer noticed he was unsteady on his
feet. Id. When asked, the driver was unable to perform a balancing test. Id. The officer then
asked the driver if he had used any intoxicants, to which the driver replied that he had consumed
two beers and smoked several marijuana joints shortly before driving. Id. During the discussion,
the driver's speech was so slurred that the officer had trouble understanding him. Id. The driver
was then arrested and taken to the Franklin County Jail. Id. at 423, 104 S.Ct. at 3141-42. The
Court concluded that the appellant was not placed in custody until the officer actually arrested
him despite the fact that a reasonable person would have felt restrained by the simple fact that it
would have been a crime to disobey a police officer's signal to stop, or to drive away without
permission. Id. at 436, 104 S.Ct. at 3148.

 In the present case, Officer Rodriguez stopped Appellant because his radar gun indicated
she was speeding. During his contact with Appellant, Officer Rodriguez smelled alcohol on her
breath. Appellant also admitted that she had consumed several alcoholic beverages before
driving. Based on those circumstances, Officer Rodriguez developed reasonable suspicion that
Appellant may have been driving while intoxicated and initiated field sobriety testing to further
investigate his suspicion. Therefore, despite any subjective belief Appellant may have had that
she was not free to leave the scene, under the analysis in Berkemer, Appellant was not under
formal arrest before the sobriety tests. See Berkemer, 468 U.S. at 436, 104 S.Ct. at 3148. She
was merely the subject of an investigatory detention. See id. Because Appellant was not under
custodial arrest, the trial court did not err by denying her motion to suppress on Fourth
Amendment grounds. Issue Two is overruled.

 Appellant's Fifth Amendment challenge under Issue Three must also fail because she was
not under custodial arrest at the time of the sobriety tests and her Fifth Amendment right against
self-incrimination was not implicated. See Griffith, 55 S.W.3d at 603. Even if we were to
assume for a moment that Appellant had been "in custody" for Miranda purposes before
performing the sobriety tests, her performance on the tests is non-testimonial evidence, and
therefore not entitled to Fifth Amendment protection. See Gassaway v. State, 957 S.W.2d 48, 50
(Tex.Crim.App. 1997). Accordingly, Issue Three is also overruled.

 In Issue One, Appellant argues she was denied due process and equal protection by
Officer Rodriguez's administration of sobriety testing without proper warning. Appellant asserts
that because field sobriety testing is done without a warrant, evidence of intoxication is "per se
unreasonable," and inadmissible under the Fourth Amendment, absent an applicable exception. 
She continues by arguing that as a class, DWI defendants are the only criminal suspects routinely
subjected to this type of illegal search, and therefore the State's use of field sobriety testing
without Miranda warnings is a violation of the equal protection clause.

 Appellant has not provided this Court with Texas or Federal precedent in support of her
contention that standard field sobriety testing constitutes a violation of due process or equal
protection. Beyond her assertion that DWI suspects have been singled out and deprived of the
Fifth Amendment protections afforded to all other criminal suspects, we have been unable to
locate support for such a conclusion. In addition, we have already concluded that Appellant's
Fifth Amendment rights were not implicated by Officer Rodriguez's actions, and that her right to
warnings under Miranda was not triggered because she was merely the subject of an
investigatory detention, not a custodial arrest. Therefore, there is no need to further address
Appellant's equal protection argument. Issue One is overruled.

 Having overruled all of Appellant's issues presented for review, we affirm the conviction.



March 6, 2008

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)
1. Appellant cites to provisions in both the Texas and federal constitutions in support of
her arguments before this Court. However, she does not argue that the state provisions cited
provide any additional, or distinct protections as compared to their federal counterparts. 
Therefore, we will limit our analysis to Appellant's claims under the federal constitution. See
Mitschke v. State, 129 S.W.3d 130, 132 (Tex.Crim.App. 2004).