IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. PD-0145-09






EX PARTE JOHN CHRISTOPHER COVEY, JR., Appellant






ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


IN CAUSE NO. 11-08-00190-CR FROM THE ELEVENTH COURT OF APPEALS


NOLAN COUNTY






 Holcomb, J., delivered the opinion of the Court, in which Meyers,
Price, Womack, Johnson, and Cochran, JJ., joined. Cochran, J.,
filed a concurring opinion, in which Johnson, J., joined. Keller, P.J.,
concurred in the result. Keasler and Hervey, JJ., dissented.


 John Christopher Covey, Jr., sought habeas corpus relief on the ground that his plea of nolo
contendere had been involuntary due to the ineffective assistance of trial counsel. The trial court
denied relief, and the court of appeals affirmed. We now reverse.

 On June 14, 2005, a Nolan County grand jury returned an indictment charging Covey with
the felony offense of attempted sexual assault. See Tex. Pen. Code §§ 15.01(a) & 22.011(a)(1). 
Sometime thereafter, Covey entered into plea negotiations with the State.

 On December 28, 2005, trial counsel, in response to an inquiry from Covey, sent a letter (1) to
him that read in relevant part as follows:

 "As you know, this matter [i.e., the prosecution of Covey for attempted sexual
assault] is set for guilty plea on January 9, 2006 at 9:00 a.m. You have requested that
I advise on whether you would be subject to the sex offender registration program's
requirements incident to your plea. This letter shall confirm my findings concerning
same. Clearly, you would be required to register as a sex offender upon entry of your
plea in Nolan County.

 "Fortunately, Texas Code of Criminal Procedure Art. 62.404 provides for
permissive early termination from registration. Early termination would require the
filing of a motion with the court requesting same accompanied by a (1) written
explanation of the event giving rise to the reporting requirement; and (2) a certified
copy of a written report detailing the outcome of an individual risk assessment
evaluation. The written report is compiled by the Council on Sex Offender
Treatment and evaluates the likelihood of repeat offenses and potential danger to the
community.

 "I have spoken with the D.A. who indicated that the Judge in the 32nd District
would likely not even contemplate such a motion until you've established some sort
of track record on probation. However, I have learned you will not be eligible for
early termination of probation pursuant to Art. 42.12 of the Texas Code of Criminal
Procedure because of the requirement for sex offender registration. Therefore, you
must 'walk the line' for 8 years to successfully complete your probated sentence.

 "Moreover, since you will be placed on probation, the district judge is
required by statute to order that you register as a sex offender . . . .

 "In short, as I read the law, you would probably not be eligible to file a
motion for early termination until you have successfully completed all 8 years of your
probation. The district judge will apparently have the sole discretion to determine
whether to release you from registration requirements. Obviously, Art. 62.404 does
not guarantee that you will be able to be released from the sex offender registration
requirements at all and [you] will remain under its requirements for life." (Italics and
underlining in original.)


 On January 9, 2006, Covey pled nolo contendere, (2) pursuant to a plea agreement, to attempted
sexual assault. The trial court, in accordance with the plea agreement, deferred an adjudication of
Covey's guilt, placed him on community supervision for eight years, fined him $750, and ordered
him to complete 160 hours of community service. See Art. 42.12, § 5(a). (3) In the course of the plea
hearing, the following occurred:

 The Court: Do you have any other questions concerning this deferred adjudication
probation that I'm inclined to follow at this time?

 

 Covey: It says that there's a chance of getting taken off of the sexual offender earlier
than probation is up. What's - what are the rules on that?

 

 The Court: Discretionary with the court. So, there's not like a checklist that you can
do and automatically get anything done. There are really no promises to you other
than that it's subject to being reviewed.


 On April 14, 2008, Covey filed a habeas corpus application in the trial court, asking that he
be allowed to withdraw his plea of nolo contendere. See Art. 11.072. In his application, Covey
argued that his nolo plea had been "involuntary" and "unknowing" because his trial counsel had
rendered ineffective assistance: 


 "Applicant complains that he was not afforded effective assistance of counsel
in violation of the Sixth Amendment and the Due Process Clause of the Fourteenth
Amendment to the Constitution of the United States. Applicant's trial counsel 
affirmatively misadvised [him] that [he] was eligible for early termination from the
sex offender registration requirements. By written correspondence dated December
28, 2005, Applicant's trial counsel advised that Art. 62.404 [of the Texas Code of
Criminal Procedure] allowed the Judge of the trial court 'sole discretion' to release
Applicant from the sex offender registration requirement. Applicant's trial counsel
was incorrect. Art. 62.404 does not apply to Applicant, and there was never any
possibility that Applicant might be released from the registration obligation.

 * * *


 "Applicant would never have waived his right to plead 'not guilty' but for the
affirmative misinformation provided to [him] by his trial counsel. Applicant relied
on his trial counsel's misinformation, and that reliance render[ed] involuntary [his]
plea of 'no contest.'"


 Attached to Covey's application for habeas corpus relief was his affidavit, which read in
relevant part as follows:

 "I understood [when I pled nolo contendere] that I would be subject to the sex
offender registration law, but it was my further understanding that the Court would
have the discretion to terminate my registration obligation. I had no doubt in my
ability to successfully complete my probation. Furthermore, I had no doubt in my
ability to demonstrate myself worthy of release from the sex offender registration
requirements.

 * * *


 "My decision to waive my right to plead 'Not Guilty' was a difficult decision
to make. On the evening of the alleged attempted sexual assault, I was severely
intoxicated. I had a prior relationship with the complainant. I have no memory of
performing the acts that were alleged in the indictment. The offense alleged was
entirely inconsistent with my character - I had no criminal record except for traffic
violations. Apart from being accused, I did not have any independent reason to
believe that I committed the offense. I did not believe that I was guilty. I absolutely
was not willing to plead 'guilty.' Nevertheless, I was disadvantaged by my inability
to remember the circumstances of the alleged assault.

 "My attorney explained to me [before I pled nolo contendere] that the
testimony of the alleged victim would be sufficient to sustain a jury verdict of
'guilty.' However, I also understood that a jury could have considered the evidence
and returned a verdict of 'not guilty.'

* * *


 "My attorney [in his December 28, 2005, letter] further explained that the
Court had the discretion to terminate my registration requirements after some or all
of my probation had been served. And while my attorney explained that there was
no guarantee that my registration requirement would be terminated, I was assured that
early termination was a possibility.

 * * *


 "I relied on my attorney's advice that I was eligible for early release from the
registration requirements. The possibility that I could later have my registration
requirement terminated was the single most important factor in my final decision to
accept the plea agreement . . . . If I had known that 'attempted sexual assault' was
not eligible for early termination of the registration requirement, I definitely would
have pleaded 'not guilty.'

 * * *


 "If my trial counsel had [advised me correctly regarding the law of sex
offender registration], I would have pleaded 'not guilty,' and hoped for [a] favorable
[jury] verdict. Even though I would have risked conviction by a jury, I also believe
that I would have received a probated sentence if I had been convicted.

* * *


 "But for my trial attorney's bad advice to me, I would have pleaded 'not
guilty.' And when I asked the Court [at the plea hearing] about early termination, if
the Court had told me that I was not eligible for early release from the registration
requirement, I would immediately have withdrawn (or attempted to withdraw) my
plea of 'no contest,' prior to the Court's announcement that it would approve the plea
agreement." (Italics and parenthetical material in original.)


 On June 9, 2008, the trial court held an evidentiary hearing on Covey's application for habeas
corpus relief. At that hearing, Covey testified in congruence with his affidavit, quoted above. No
one else testified. At the conclusion of Covey's testimony, habeas counsel, again citing both the
right to counsel and the right to due process of law, argued as follows:

 "Judge, I believe you've got sufficient evidence to find that Mr. Covey, in
making his decision to waive his right to a trial by jury, he did so with an incorrect
understanding of the law. He believed that by his ability to perform well on
probation, he would be able to demonstrate to you that he was worthy of early
release. And that belief is what caused him to go the route that he did, weighing, you
know, cost/benefit analysis sort of thing. But, it - it was just not an erroneous
misunderstanding; it was an erroneous misunderstanding that his attorney gave him.

* * *


 "What I'm arguing is involuntary plea based on improper information given
to him by his attorney."


 At the conclusion of the evidentiary hearing, the trial court denied the relief requested,
explaining that, because the sex offender registration requirement was "of such a non-punitive
nature," the court did not "feel . . . that the harm ha[d] been established to warrant granting the
defendant's writ of habeas corpus."

 On June 27, 2008, the trial court issued written findings of fact regarding Covey's habeas
corpus application. Those findings included the following:

 "3. Prior to the [January 9, 2006] plea hearing, Applicant [Covey] was advised in
writing by counsel that he was eligible to apply for early release from the sex
offender registration requirement, under Art. 62.404 C.C.P. In fact, Applicant is not
eligible to be released from the sex offender registration requirements.

 

 * * *


 

 "6. Applicant relied on counsel's erroneous statement when he decided to waive his
right to a jury trial.

 

 "7. If Applicant ha[d] not been erroneously advised, it is more probable than not that
Applicant would have pleaded 'not guilty.'"


 On direct appeal, Covey reiterated his argument that his plea of nolo contendere had been
involuntary due to the ineffective assistance of his trial counsel:

 "Appellant's plea was involuntary because he relied on erroneous information
from trial counsel [regarding sex offender registration] that actually induced his no
contest plea. This erroneous information was corroborated by the trial court with
absolute silence on the part of trial counsel. Thus, Appellant is entitled to withdraw
his plea."


 The State argued in response:

 "[Trial counsel's alleged misadvice to Covey] was not deficient performance. 
The state of the law regarding early termination [of the sex offender registration
requirement] is unsettled at this time. When the state of the law is unsettled, trial
counsel will not be found ineffective when basing his advice on a reasonable
interpretation of the statutes and case law."


 The court of appeals rejected Covey's argument and affirmed the trial court's denial of
habeas relief:

 "The record before us does not support appellant's contentions that his trial
counsel's representation fell below an objective standard of reasonableness or that
the trial court abused its discretion by denying his application for writ of habeas
corpus. In his letter [of December 28, 2005], trial counsel correctly stated that there
were no guarantees when appellant could petition for early release and no guarantees
that appellant would ever be granted early release. The trial court likewise stressed
these same representations in open court. Trial counsel's strategy was clearly to
allow appellant the opportunity to avoid having a felony conviction on his record. 
This trial strategy was consistent with appellant's testimony [at the habeas hearing]
that the 'most important thing' to him was the long-term effect of the proceedings
against him." Covey v. State [sic], No. 11-08-00190-CR (Tex.App.-Eastland, Dec.
11, 2008), slip. op. at 9 (not designated for publication).


 Covey later filed a petition for discretionary review that asserted one ground for review,
which we granted. (4) See Tex. R. App. Proc. 66.3(c). In their respective briefs, the parties make the
same arguments to this Court that they made to the court of appeals.

 This case involves the interplay of the Sixth and Fourteenth Amendments to the Constitution
of the United States. The Sixth Amendment provides that "[i]n all criminal prosecutions, the
accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." Once the
adversarial judicial process has been initiated, this right to counsel guarantees to the defendant the
right to have the effective assistance of counsel at all critical stages of the criminal proceeding. 
United States v. Wade, 388 U.S. 218, 227-28 (1967). The time at which a defendant is called upon
to enter his plea to a felony charge is such a critical stage. McMann v. Richardson, 397 U.S. 759,
771 n. 14 (1970).

 The Fourteenth Amendment provides that no state may "deprive any person of life, liberty,
or property, without due process of law." Consistent with that guarantee, a guilty plea (5) is valid only
if it represents a voluntary and intelligent (6) choice among the alternative courses of action open to the
defendant. North Carolina v. Alford, 400 U.S. 25, 31 (1970); Brady v. United States, 397 U.S. 742,
747 (1970); McCarthy v. United States, 394 U.S. 459, 466 (1969). Ineffective assistance of counsel
may prevent a defendant from entering a voluntary and intelligent plea. Tollett v. Henderson, 411
U.S. 258, 266-67 (1973). 

 If a defendant challenges the validity of his guilty plea based on ineffective assistance of
counsel, whether that challenge is brought directly under the Sixth Amendment or indirectly via 
"involuntariness" under the Fourteenth Amendment, then the defendant, in order to prevail, must
show two things: (1) that counsel's performance fell below an objective standard of reasonableness
and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the
defendant would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474
U.S. 52, 58-59 (1985).

 Covey, citing both the Sixth and Fourteenth Amendments, argues that his nolo plea was
"involuntary" due to the ineffective assistance of his trial counsel. More specifically, Covey argues
that trial counsel affirmatively misadvised him regarding his eligibility for early release and failed
to correct the trial court when the trial court misadvised Covey that early release was discretionary
with the court. See G. Dix & R. Dawson, Texas Practice Series: Criminal Practice and Procedure
§ 34.111 (2nd ed. 2001) (counsel's material misadvice may render guilty plea involuntary). Covey
also argues that, but for counsel's two unprofessional errors, he would not have pled nolo contendere
and would have insisted on going to trial. 

 Trial counsel's advice to Covey, as reflected in trial counsel's letter of December 28, 2005,
was that: (1) Covey, once he pled nolo contendere and received deferred adjudication community
supervision, would be legally required to register as a sex offender for life; (2) Article 62.404
provided for discretionary early release from that lifetime registration requirement; (3) Covey would
probably become eligible to file a motion for early release only after he had completed all eight years
of his community supervision; (4) the trial court would have discretion whether to grant the motion
for early release; and (5) Article 62.404 did not guarantee that Covey would ever get early release.

 Trial counsel's advice was inaccurate and misleading. Under Article 62.001(5)(A) and (G)
and Article 62.051(a), Covey, once he pled nolo contendere and received deferred adjudication
community supervision, was required to register as a sex offender, as counsel advised, but he was
not required to register for life. Under Article 62.101(c)(2), Covey's duty to register expires ten
years after he completes his eight years of community supervision, a total of eighteen years. 
Moreover, Covey is not eligible for early release from the registration requirement, because Article
62.404 applies only to persons with a "reportable adjudication or conviction" that appears on a list
compiled and published by the Council on Sex Offender Treatment, a division of the Texas
Department of State Health Services, pursuant to Article 62.402, and the Council has never compiled
and published such a list. Basic legal research would have uncovered these facts.

 Did trial counsel's performance, in affirmatively misadvising Covey and in failing to correct
the trial court, fall below an objective standard of reasonableness? We hold that it did. "In assessing
[attorney] competence, we have held counsel accountable for knowledge, or the ability to attain
knowledge, of relevant legal matters that are neither novel nor unsettled." Ex parte Moody, 991
S.W.2d 856, 858 (Tex.Crim.App. 1999). The sex offender registration requirement is a direct and
significant, albeit non-punitive, consequence of pleading guilty to attempted sexual assault, (7)
Anderson v. State, 182 S.W.3d 914, 919-20 (Tex.Crim.App. 2006); Mitschke v. State, 129 S.W.3d
130, 135 (Tex.Crim.App. 2004), and it could be relevant to a reasonable defendant in deciding
whether to plead guilty. Furthermore, the statutory law regarding the sex offender registration
requirement is neither novel nor unsettled. Once Covey asked his trial counsel to advise him on the
sex offender registration requirement, trial counsel had a duty to advise him correctly. Trial counsel
also had a duty to correct the trial court when the trial court misadvised Covey regarding early
release, so that Covey would not have an incorrect understanding of the early release law.

 In addition, as we noted previously, the trial court found, as a matter of fact, that, but for trial
counsel's misadvice to Covey regarding his eligibility for early release, Covey would not have pled
nolo contendere and would have gone to trial. The record - specifically, Covey's affidavit attached
to his habeas application and his testimony at the habeas hearing - supports that fact-finding, and,
therefore, we accept it. See Ex parte Peterson, 117 S.W.3d 804, 819 (Tex.Crim.App. 2003).

 Covey has satisfied the two-prong test of Hill v. Lockhart, 474 U.S. 52. Accordingly, we
reverse the judgment of the court of appeals, vacate the judgment of the trial court in Nolan County
cause number 10176, and remand Covey into the custody of the sheriff of Nolan County to answer
the indictment.

DELIVERED MARCH 31, 2010

DO NOT PUBLISH
1. Trial counsel's letter to Covey was admitted in evidence at the habeas hearing. The
State has never disputed the authenticity of the letter.
2. The legal effect of a plea of nolo contendere ("no contest") is "the same as that of a plea
of guilty, except that such plea may not be used against the defendant as an admission in any civil
suit based upon or growing out of the act upon which the criminal prosecution is based." Tex.
Code Crim. Proc. art. 27.02(5).
3. All references to articles are to those in the Texas Code of Criminal Procedure.
4. Covey's ground for review reads: "The Court of Appeals erred in holding Appellant has
not established he received ineffective assistance of trial counsel."
5. Our statements regarding guilty pleas apply equally to nolo contendere pleas.
6. Courts and litigants frequently use the term "voluntary" when they actually mean
"voluntary and intelligent." Also, courts and litigants frequently use the terms "intelligent" and
"knowing" interchangeably. See 38 Geo. L. J. Ann. Rev. Crim. Proc. 416 (2009). In the instant
case, for example, Covey argues that his nolo plea was "involuntary" when he actually means it
was "unintelligent" or "unknowing" because it was based in part on a misunderstanding of the
law.
7. Even if the sex offender registration requirement were a collateral consequence of
pleading guilty to attempted sexual assault, numerous courts have held that an attorney's
affirmative misadvice regarding a collateral matter may constitute deficient performance. See W.
LaFave, et al., Criminal Procedure § 21.3(b) at n. 70.1 (3rd ed. 2007 & Supp. 2009-2010) (citing
cases).