

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### No. PD-0145-09

### EX PARTE JOHN CHRISTOPHER COVEY, JR., Appellant

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### IN CAUSE NO. 11-08-00190-CR FROM THE ELEVENTH COURT OF APPEALS
### NOLAN COUNTY

---

**HOLCOMB, J., delivered the opinion of the Court, in which MEYERS, PRICE, WOMACK, JOHNSON, and COCHRAN, JJ., joined. COCHRAN, J., filed a concurring opinion, in which JOHNSON, J., joined. KELLER, P.J., concurred in the result. KEASLER and HERVEY, JJ., dissented.**

John Christopher Covey, Jr., sought habeas corpus relief on the ground that his plea of nolo contendere had been involuntary due to the ineffective assistance of trial counsel. The trial court denied relief, and the court of appeals affirmed. We now reverse.

On June 14, 2005, a Nolan County grand jury returned an indictment charging Covey with the felony offense of attempted sexual assault. *See* Tex. Pen. Code §§ 15.01(a) & 22.011(a)(1). Sometime thereafter, Covey entered into plea negotiations with the State.

On December 28, 2005, trial counsel, in response to an inquiry from Covey, sent a letter[1] to him that read in relevant part as follows:

> "As you know, this matter [i.e., the prosecution of Covey for attempted sexual assault] is set for guilty plea on January 9, 2006 at 9:00 a.m. You have requested that I advise on whether you would be subject to the sex offender registration program's requirements incident to your plea. This letter shall confirm my findings concerning same. Clearly, you would be required to register as a sex offender upon entry of your plea in Nolan County.
>
> "Fortunately, Texas Code of Criminal Procedure Art. 62.404 provides for *permissive* early termination from registration. Early termination would require the filing of a motion with the court requesting same accompanied by a (1) written explanation of the event giving rise to the reporting requirement; and (2) a certified copy of a written report detailing the outcome of an individual risk assessment evaluation. The written report is compiled by the Council on Sex Offender Treatment and evaluates the likelihood of repeat offenses and potential danger to the community.
>
> "I have spoken with the D.A. who indicated that the Judge in the 32nd District would likely not even contemplate such a motion until you've established some sort of track record on probation. However, I have learned you will not be eligible for early termination of probation pursuant to Art. 42.12 of the Texas Code of Criminal Procedure because of the requirement for sex offender registration. Therefore, you must 'walk the line' for 8 years to successfully complete your probated sentence.
>
> "Moreover, since you will be placed on probation, the district judge is <u>required</u> by statute to order that you register as a sex offender . . . .
>
> "In short, as I read the law, you would probably not be eligible to file a motion for early termination until you have successfully completed all 8 years of your probation. The district judge will apparently have the sole discretion to determine whether to release you from registration requirements. Obviously, Art. 62.404 does not guarantee that you will be able to be released from the sex offender registration requirements at all and [you] will remain under its requirements for life." (Italics and underlining in original.)

On January 9, 2006, Covey pled nolo contendere,[2] pursuant to a plea agreement, to attempted

---

[1] Trial counsel's letter to Covey was admitted in evidence at the habeas hearing. The State has never disputed the authenticity of the letter.

[2] The legal effect of a plea of nolo contendere ("no contest") is "the same as that of a plea of guilty, except that such plea may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based." Tex.

(continued...)

sexual assault. The trial court, in accordance with the plea agreement, deferred an adjudication of Covey's guilt, placed him on community supervision for eight years, fined him $750, and ordered him to complete 160 hours of community service. *See* Art. 42.12, § 5(a).[3] In the course of the plea hearing, the following occurred:

> The Court: Do you have any other questions concerning this deferred adjudication probation that I'm inclined to follow at this time?
>
> Covey: It says that there's a chance of getting taken off of the sexual offender earlier than probation is up. What's – what are the rules on that?
>
> The Court: Discretionary with the court. So, there's not like a checklist that you can do and automatically get anything done. There are really no promises to you other than that it's subject to being reviewed.

On April 14, 2008, Covey filed a habeas corpus application in the trial court, asking that he be allowed to withdraw his plea of nolo contendere. *See* Art. 11.072. In his application, Covey argued that his nolo plea had been "involuntary" and "unknowing" because his trial counsel had rendered ineffective assistance:

> "Applicant complains that he was not afforded effective assistance of counsel in violation of the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States. Applicant's trial counsel affirmatively misadvised [him] that [he] was eligible for early termination from the sex offender registration requirements. By written correspondence dated December 28, 2005, Applicant's trial counsel advised that Art. 62.404 [of the Texas Code of Criminal Procedure] allowed the Judge of the trial court 'sole discretion' to release Applicant from the sex offender registration requirement. Applicant's trial counsel was incorrect. Art. 62.404 does not apply to Applicant, and there was never any possibility that Applicant might be released from the registration obligation.
>                          *    *    *
> "Applicant would never have waived his right to plead 'not guilty' but for the

---

[2](...continued)
Code Crim. Proc. art. 27.02(5).

[3] All references to articles are to those in the Texas Code of Criminal Procedure.

affirmative misinformation provided to [him] by his trial counsel. Applicant relied on his trial counsel's misinformation, and that reliance render[ed] involuntary [his] plea of 'no contest.'"

Attached to Covey's application for habeas corpus relief was his affidavit, which read in relevant part as follows:

"I understood [when I pled nolo contendere] that I would be subject to the sex offender registration law, but it was my further understanding that the Court would have the discretion to terminate my registration obligation. I had no doubt in my ability to successfully complete my probation. Furthermore, I had no doubt in my ability to demonstrate myself worthy of release from the sex offender registration requirements.

\* \* \*

"My decision to waive my right to plead 'Not Guilty' was a difficult decision to make. On the evening of the alleged attempted sexual assault, I was severely intoxicated. I had a prior relationship with the complainant. I have no memory of performing the acts that were alleged in the indictment. The offense alleged was entirely inconsistent with my character – I had no criminal record except for traffic violations. Apart from being accused, I did not have any independent reason to believe that I committed the offense. I did not believe that I was guilty. I absolutely was not willing to plead 'guilty.' Nevertheless, I was disadvantaged by my inability to remember the circumstances of the alleged assault.

"My attorney explained to me [before I pled nolo contendere] that the testimony of the alleged victim would be sufficient to sustain a jury verdict of 'guilty.' However, I also understood that a jury could have considered the evidence and returned a verdict of 'not guilty.'

\* \* \*

"My attorney [in his December 28, 2005, letter] further explained that the Court had the discretion to terminate my registration requirements after some or all of my probation had been served. And while my attorney explained that there was no guarantee that my registration requirement would be terminated, I was assured that early termination was a *possibility*.

\* \* \*

"I relied on my attorney's advice that I was eligible for early release from the registration requirements. The possibility that I could later have my registration requirement terminated was the single most important factor in my final decision to accept the plea agreement . . . . If I had known that 'attempted sexual assault' was not eligible for early termination of the registration requirement, I definitely would have pleaded 'not guilty.'

\* \* \*

"If my trial counsel had [advised me correctly regarding the law of sex

offender registration], I would have pleaded 'not guilty,' and hoped for [a] favorable [jury] verdict. Even though I would have risked conviction by a jury, I also believe that I would have received a probated sentence if I had been convicted.

\* \* \*

"But for my trial attorney's bad advice to me, I would have pleaded 'not guilty.' And when I asked the Court [at the plea hearing] about early termination, if the Court had told me that I was not eligible for early release from the registration requirement, I would immediately have withdrawn (or attempted to withdraw) my plea of 'no contest,' prior to the Court's announcement that it would approve the plea agreement." (Italics and parenthetical material in original.)

On June 9, 2008, the trial court held an evidentiary hearing on Covey's application for habeas corpus relief. At that hearing, Covey testified in congruence with his affidavit, quoted above. No one else testified. At the conclusion of Covey's testimony, habeas counsel, again citing both the right to counsel and the right to due process of law, argued as follows:

"Judge, I believe you've got sufficient evidence to find that Mr. Covey, in making his decision to waive his right to a trial by jury, he did so with an incorrect understanding of the law. He believed that by his ability to perform well on probation, he would be able to demonstrate to you that he was worthy of early release. And that belief is what caused him to go the route that he did, weighing, you know, cost/benefit analysis sort of thing. But, it – it was just not an erroneous misunderstanding; it was an erroneous misunderstanding that his attorney gave him.

\* \* \*

"What I'm arguing is involuntary plea based on improper information given to him by his attorney."

At the conclusion of the evidentiary hearing, the trial court denied the relief requested, explaining that, because the sex offender registration requirement was "of such a non-punitive nature," the court did not "feel . . . that the harm ha[d] been established to warrant granting the defendant's writ of habeas corpus."

On June 27, 2008, the trial court issued written findings of fact regarding Covey's habeas corpus application. Those findings included the following:

"3. Prior to the [January 9, 2006] plea hearing, Applicant [Covey] was advised in

writing by counsel that he was eligible to apply for early release from the sex offender registration requirement, under Art. 62.404 C.C.P. In fact, Applicant is not eligible to be released from the sex offender registration requirements.

\* \* \*

"6. Applicant relied on counsel's erroneous statement when he decided to waive his right to a jury trial.

"7. If Applicant ha[d] not been erroneously advised, it is more probable than not that Applicant would have pleaded 'not guilty.'"

On direct appeal, Covey reiterated his argument that his plea of nolo contendere had been

involuntary due to the ineffective assistance of his trial counsel:

"Appellant's plea was involuntary because he relied on erroneous information from trial counsel [regarding sex offender registration] that actually induced his no contest plea. This erroneous information was corroborated by the trial court with absolute silence on the part of trial counsel. Thus, Appellant is entitled to withdraw his plea."

The State argued in response:

"[Trial counsel's alleged misadvice to Covey] was not deficient performance. The state of the law regarding early termination [of the sex offender registration requirement] is unsettled at this time. When the state of the law is unsettled, trial counsel will not be found ineffective when basing his advice on a reasonable interpretation of the statutes and case law."

The court of appeals rejected Covey's argument and affirmed the trial court's denial of

habeas relief:

"The record before us does not support appellant's contentions that his trial counsel's representation fell below an objective standard of reasonableness or that the trial court abused its discretion by denying his application for writ of habeas corpus. In his letter [of December 28, 2005], trial counsel correctly stated that there were no guarantees when appellant could petition for early release and no guarantees that appellant would ever be granted early release. The trial court likewise stressed these same representations in open court. Trial counsel's strategy was clearly to allow appellant the opportunity to avoid having a felony conviction on his record. This trial strategy was consistent with appellant's testimony [at the habeas hearing]

that the 'most important thing' to him was the long-term effect of the proceedings against him." *Covey v. State* [sic], No. 11-08-00190-CR (Tex.App.–Eastland, Dec. 11, 2008), slip. op. at 9 (not designated for publication).

Covey later filed a petition for discretionary review that asserted one ground for review, which we granted.[4] *See* Tex. R. App. Proc. 66.3(c). In their respective briefs, the parties make the same arguments to this Court that they made to the court of appeals.

This case involves the interplay of the Sixth and Fourteenth Amendments to the Constitution of the United States. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." Once the adversarial judicial process has been initiated, this right to counsel guarantees to the defendant the right to have the effective assistance of counsel at all critical stages of the criminal proceeding. *United States v. Wade*, 388 U.S. 218, 227-28 (1967). The time at which a defendant is called upon to enter his plea to a felony charge is such a critical stage. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970).

The Fourteenth Amendment provides that no state may "deprive any person of life, liberty, or property, without due process of law." Consistent with that guarantee, a guilty plea[5] is valid only if it represents a voluntary and intelligent[6] choice among the alternative courses of action open to the

---

[4] Covey's ground for review reads: "The Court of Appeals erred in holding Appellant has not established he received ineffective assistance of trial counsel."

[5] Our statements regarding guilty pleas apply equally to nolo contendere pleas.

[6] Courts and litigants frequently use the term "voluntary" when they actually mean "voluntary and intelligent." Also, courts and litigants frequently use the terms "intelligent" and "knowing" interchangeably. *See* 38 Geo. L. J. Ann. Rev. Crim. Proc. 416 (2009). In the instant case, for example, Covey argues that his nolo plea was "involuntary" when he actually means it was "unintelligent" or "unknowing" because it was based in part on a misunderstanding of the

(continued...)

defendant. *North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *Brady v. United States*, 397 U.S. 742, 747 (1970); *McCarthy v. United States*, 394 U.S. 459, 466 (1969). Ineffective assistance of counsel may prevent a defendant from entering a voluntary and intelligent plea. *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973).

If a defendant challenges the validity of his guilty plea based on ineffective assistance of counsel, whether that challenge is brought directly under the Sixth Amendment or indirectly via "involuntariness" under the Fourteenth Amendment, then the defendant, in order to prevail, must show two things: (1) that counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the defendant would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

Covey, citing both the Sixth and Fourteenth Amendments, argues that his nolo plea was "involuntary" due to the ineffective assistance of his trial counsel. More specifically, Covey argues that trial counsel affirmatively misadvised him regarding his eligibility for early release and failed to correct the trial court when the trial court misadvised Covey that early release was discretionary with the court. *See* G. Dix & R. Dawson, *Texas Practice Series: Criminal Practice and Procedure* § 34.111 (2nd ed. 2001) (counsel's material misadvice may render guilty plea involuntary). Covey also argues that, but for counsel's two unprofessional errors, he would not have pled nolo contendere and would have insisted on going to trial.

Trial counsel's advice to Covey, as reflected in trial counsel's letter of December 28, 2005,

---

[6](...continued)
law.

was that: (1) Covey, once he pled nolo contendere and received deferred adjudication community supervision, would be legally required to register as a sex offender for life; (2) Article 62.404 provided for discretionary early release from that lifetime registration requirement; (3) Covey would probably become eligible to file a motion for early release only after he had completed all eight years of his community supervision; (4) the trial court would have discretion whether to grant the motion for early release; and (5) Article 62.404 did not guarantee that Covey would ever get early release.

Trial counsel's advice was inaccurate and misleading. Under Article 62.001(5)(A) and (G) and Article 62.051(a), Covey, once he pled nolo contendere and received deferred adjudication community supervision, was required to register as a sex offender, as counsel advised, but he was not required to register for life. Under Article 62.101(c)(2), Covey's duty to register expires ten years after he completes his eight years of community supervision, a total of eighteen years. Moreover, Covey is not eligible for early release from the registration requirement, because Article 62.404 applies only to persons with a "reportable adjudication or conviction" that appears on a list compiled and published by the Council on Sex Offender Treatment, a division of the Texas Department of State Health Services, pursuant to Article 62.402, and the Council has never compiled and published such a list. Basic legal research would have uncovered these facts.

Did trial counsel's performance, in affirmatively misadvising Covey and in failing to correct the trial court, fall below an objective standard of reasonableness? We hold that it did. "In assessing [attorney] competence, we have held counsel accountable for knowledge, or the ability to attain knowledge, of relevant legal matters that are neither novel nor unsettled." *Ex parte Moody*, 991 S.W.2d 856, 858 (Tex.Crim.App. 1999). The sex offender registration requirement is a direct and

significant, albeit non-punitive, consequence of pleading guilty to attempted sexual assault,[7] *Anderson v. State*, 182 S.W.3d 914, 919-20 (Tex.Crim.App. 2006); *Mitschke v. State*, 129 S.W.3d 130, 135 (Tex.Crim.App. 2004), and it could be relevant to a reasonable defendant in deciding whether to plead guilty. Furthermore, the statutory law regarding the sex offender registration requirement is neither novel nor unsettled. Once Covey asked his trial counsel to advise him on the sex offender registration requirement, trial counsel had a duty to advise him correctly. Trial counsel also had a duty to correct the trial court when the trial court misadvised Covey regarding early release, so that Covey would not have an incorrect understanding of the early release law.

In addition, as we noted previously, the trial court found, as a matter of fact, that, but for trial counsel's misadvice to Covey regarding his eligibility for early release, Covey would not have pled nolo contendere and would have gone to trial. The record – specifically, Covey's affidavit attached to his habeas application and his testimony at the habeas hearing – supports that fact-finding, and, therefore, we accept it. *See Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex.Crim.App. 2003).

Covey has satisfied the two-prong test of *Hill v. Lockhart*, 474 U.S. 52. Accordingly, we reverse the judgment of the court of appeals, vacate the judgment of the trial court in Nolan County cause number 10176, and remand Covey into the custody of the sheriff of Nolan County to answer the indictment.

DELIVERED MARCH 31, 2010

DO NOT PUBLISH

---

[7] Even if the sex offender registration requirement were a collateral consequence of pleading guilty to attempted sexual assault, numerous courts have held that an attorney's affirmative misadvice regarding a collateral matter may constitute deficient performance. *See* W. LaFave, et al., *Criminal Procedure* § 21.3(b) at n. 70.1 (3rd ed. 2007 & Supp. 2009-2010) (citing cases).